CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| RODNEY M. POWELL, ) | |
|    Plaintiff, ) | Case No. 7:24-cv-00078 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| THE ESTATE OF SGT. DAVIS, et al., ) | Senior United States District Judge |
|    Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Rodney M. Powell, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. Powell claims that correctional officers at River North Correctional Center violated the Eighth Amendment by allowing a canine to attack him. The case is presently before the court on a motion to dismiss filed by four supervisory officials named as defendants: Chadwick Dotson, Warden Anderson, Warden Bateman, and A. David Robinson. ECF No. 18. For the reasons set forth below, the motion is **GRANTED**.

### I.  Background

According to the amended complaint, Powell was previously incarcerated at River North Correctional Center (RNCC) in Independence, Virginia. See Am. Compl., ECF No. 8, at 2. While Powell was housed at RNCC, he was bitten by an off-leash canine. Id. Powell alleges that Sgt. Davis, who is now deceased, released the canine from the leash, in violation of a Virginia Department of Corrections (VDOC) policy, and that Officer Loggins[1] opened a

---

[1] Officer Loggins is identified in the amended complaint as "Officer Logan." The court will direct the Clerk to update the docket to reflect the correct spelling of this defendant's last name.

gate and allowed the canine to attack Powell. Id. at 2. Powell claims that he suffered physical harm and emotional distress as a result of the incident. Id.

In addition to Officer Loggins and the Estate of Sgt. Davis, Powell names as defendants VDOC Director Chadwick Dotson, Warden Anderson, Warden Bateman, and David Robinson. Id. at 1. Dotson is mentioned only in the list of defendants set forth in the amended complaint. Id. In the statement of claims, Powell asserts claims of deliberate indifference against Anderson, Bateman, and Robinson. Id. at 2–3. He summarily alleges that Anderson and Robinson "allow[ed] the officers to go against [VDOC] rules" and that Robinson "allow[ed Sgt. Davis] to work when he was clearly unstable." Id.

Dotson, Anderson, Bateman, and Robinson have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).[2] ECF No. 18. Powell has responded to the motion, ECF No. 23, and the motion is ripe for review.

## II.   Standard of Review

Rule 12(b)(6) permits defendants to seek dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions or a formulaic recitation of the elements

---

[2] Officer Loggins and the Estate of N. Davis have filed an answer to the complaint.

2

of a cause of action will not do." Id. (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotation marks omitted).

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

When defendants file a motion to dismiss under Rule 12(b)(6), courts are generally "limited to considering the sufficiency of the allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" Zak v. Chelsea Therapeutics Intern., Ltd., 780 F.3d 597, 606 (4th Cir. 2015) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011)). "It is well-established that parties cannot amend their complaints through briefing or oral advocacy." S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013); see also Henderson v. City of Roanoke, No. 20-2386, 2022 WL 704351, at *3 (4th Cir. Mar. 9, 2022) (emphasizing that "no litigant is exempt from [this] well-established rule"). Accordingly, in ruling on a motion to dismiss, the court may not consider additional factual allegations contained in a response in opposition. See Broam v. Bogan, 320 F.3d 1023, 1032 n.3 (9th Cir. 2003) (noting that facts raised for the first time in an opposition brief may not be considered "[i]n determining the propriety of a Rule 12(b)(6) dismissal" but "should be considered by the

3

court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice").

### III. Discussion

Powell filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Powell seeks relief for alleged violations of his rights under the Eighth Amendment to the United States Constitution. "It is well settled that the Eighth Amendment's prohibition against the infliction of cruel and unusual punishments reaches beyond a prisoner's sentence to the treatment of a prisoner . . . in prison and the conditions under which he is confined." Ford v. Hooks, 108 F.4th 224, 229 (4th Cir. 2024) (alteration in original) (internal quotation marks omitted). To establish a violation of the Eighth Amendment, "a prisoner must satisfy two requirements—first, he must demonstrate that the deprivation was, objectively, sufficiently serious, and second he must demonstrate that the prison official had a sufficiently culpable state of mind." Id. (internal quotation marks omitted). In cases challenging conditions of confinement, including those alleging that defendants failed to protect a prisoner from harm, "that state of mind must be at least 'deliberate indifference' to the inmate's 'health or safety.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

4

"Deliberate indifference is a very high standard, and a showing of mere negligence will not meet it." Id. (internal quotation marks omitted). "A plaintiff establishes deliberate indifference by showing that the prison official knew of and disregarded an excessive risk to inmate health or safety." Danser v. Stansberry, 772 F3d 340, 347 (4th Cir. 2014) (internal quotation marks and brackets omitted). Importantly, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (internal quotation marks omitted). "It is not enough that [the official] should have recognized it; [he] actually must have perceived the risk." Parrish v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004). "Thus, 'an official's failure to alleviate a significant risk that he should have perceived but did not' will not give rise to a claim under the Eighth Amendment." Danser, 772 F.3d at 347 (quoting Farmer, 511 U.S. at 838).

Applying these principles, the court concludes that the operative complaint fails to state an Eighth Amendment claim against Dotson, Anderson, Bateman, or Robinson. Even assuming that Powell's allegations are sufficient to satisfy the objective component, the complaint does not contain sufficient factual allegations from which the court can reasonably infer that any of these supervisory defendants acted with deliberate indifference to Powell's health or safety. In particular, the complaint does not plausibly allege that Dotson, Anderson, Bateman, or Robinson actually knew that Powell or any other inmate at RNCC faced a substantial risk of serious harm or that the risk of harm was "so obvious" that these supervisory defendants "had to know it." Makdessi v. Fields, 789 F.3d 126, 135 (4th Cir. 2015). Although Powell alleges that Davis was "clearly unstable" and that he violated a VDOC policy by allowing his canine to be released off-leash, he does not allege any facts indicating that

5

Dotson, Anderson, Bateman, or Robinson was aware before the incident in question that Davis or any other officer was engaging in conduct that posed an excessive risk of harm to Powell and other inmates at RNCC. See Cannon v. Dehner, 112 F.4th 580, 587 (8th Cir. 2024) ("Deliberate indifference is a subjective inquiry requiring the court to assess each defendant's knowledge at the time in question, not by hindsight's perfect vision.") (internal quotation marks omitted). Powell's conclusory allegations are insufficient to state an Eighth Amendment claim of deliberate indifference against the supervisory defendants. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

For similar reasons, Powell's allegations are insufficient to satisfy the three-factor test for supervisory liability set forth in Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). "That test asks (1) whether 'the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury'; (2) whether 'the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) whether 'there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.'" Younger v. Crowder, 79 F.4th 373, 384 n.16 (4th Cir. 2023) (quoting Shaw, 13 F.3d at 799). To satisfy the first element, a plaintiff must show that "the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." Wilkins v. Montgomery, 751 F.3d 214, 226 (4th Cir. 2014) (internal quotation marks omitted). "As to the second element, a plaintiff may establish

6

deliberate indifference by demonstrating a supervisor's continued inaction in the face of documented widespread abuses." Id. (internal quotation marks omitted). Finally, as to the third element, "[c]ausation is established when the plaintiff demonstrates an affirmative causal link between the supervisor's inaction and the harm suffered by the plaintiff." Shaw, 13 F.3d at 799 (internal quotation marks omitted).

Powell has not alleged facts sufficient to support each of these elements. His conclusory allegations of deliberate indifference fail to state a cognizable claim of supervisory liability under § 1983. See King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (holding that a plaintiff's "boilerplate" allegations against supervisory officials did not state a claim for relief); Hoffman v. Office of the State Atty., 793 Fed. Appx. 945, 954 (11th Cir. 2019) ("Because the plaintiffs' claims of supervisory liability are supported by conclusory allegations, the complaint does not contain sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## IV.   Conclusion

For the reasons set forth herein, the motion to dismiss filed by Dotson, Anderson, Bateman, and Robinson, ECF No. 18, is **GRANTED**. Because Powell may be able to cure the pleading deficiencies identified above, the court will grant him an opportunity to file an amended complaint within 30 days.

An appropriate order will be entered.

Entered: January 2, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.02 21:35:13
-05'00'

Michael F. Urbanski
Senior United States District Judge

8